IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY LLOYD HARRIS                                                          PLAINTIFF

v.                                  Civil No. 6:21-cv-6157

DEPUTY WARDEN RICHARD
T. BALL; DIRECTOR DEXTER
PAYNE; DR. GUY HENRY;
JOHN DOE ADC MEDICAL
DIRECTOR; WARDEN
DEANGELO EARL                                         DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on April 4, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 7). Judge Bryant conducted a preservice screening of Plaintiff Jay Lloyd Harris' complaint and now recommends that the Court dismiss some of Plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915A. Plaintiff objects. (ECF No. 8).

**I. DISCUSSION**

Plaintiff filed this civil-rights lawsuit on December 14, 2021, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his constitutional rights while he was incarcerated in the Ouachita River Unit of the Arkansas Department of Corrections ("ADC").

Plaintiff alleges that from February 6, 2019, to the present, Defendants Henry and John Doe ADC Medical Director denied or delayed adequate medical treatment for his migraine headaches, causing him to regularly experience intense pain and blackouts. Defendants Ball, Payne, and Earl allegedly violated Plaintiff's due process rights by reassigning him from an educational vo-tech work assignment to an outdoor utility job on the "hoe squad" without prior notice. Defendants Ball, Payne, and Earl also allegedly placed disciplinary charges against Plaintiff that effected his projected release

date.  Defendants Ball and Payne also allegedly restricted Plaintiff's ability to visit with his mother via video chat and phone as punishment for him not performing his outdoor work assignment.

Judge Bryant recommends that the Court dismiss all of Plaintiff's claims against Defendants Ball, Payne, and Earl.  Plaintiff objects.

## II.  DISCUSSION

When addressing a report and recommendation, "the specific standard of review depends, in the first instance, upon whether or not a party has objected."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  The Court applies a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).  In the absence of objections, the Court "need only satisfy itself that there is no clear error on the face of the record."  Fed. R. Civ. P. 72 advisory committee's note, subd. (b).

Judge Bryant found that Plaintiff's official-capacity claims against Defendants Ball, Payne, and Earl are barred by sovereign immunity because those parties are employees of the ADC, an Arkansas agency.  Judge Bryant also found that Plaintiff's individual-capacity claims against Defendants Ball, Payne, and Earl fail because inmates have no constitutional right to a particular prison job or classification; Plaintiff's claims challenging his prison disciplinary charges are barred by *Heck v. Humphrey*, 512 U.S. 447 (1994); and inmates have no constitutionally protected interest implicated by the suspension of their visitation privileges.  Thus, Judge Bryant recommends that the Court dismiss all claims against Defendants Ball, Payne, and Earl for failure to state a claim upon which relief can be granted.  Judge Bryant finds that Plaintiff stated plausible deliberate indifference claims against Defendants Henry and John Doe ADC Medical Director.  Judge Bryant recommends that those claims remain for service.

Some of Plaintiff's objections are unresponsive to the Report and Recommendation, but there are two noteworthy objections. Plaintiff appears to argue that his prison job reclassification violated his due process rights and ADC policy because he was not given a hearing on the matter beforehand. Plaintiff also argues that the length of his communication restriction is longer than Judge Bryant stated in the report and recommendation.

Plaintiff has not objected to Judge Bryant's recommendation that the official-capacity claims against Defendants Ball, Payne, and Earl should be dismissed based on sovereign immunity. Plaintiff has also not objected to the recommendation that his claim related to ADC disciplinary charges is barred by *Heck v. Humphrey*. The Court finds no clear error as to those recommendations and will adopt them. The Court will now address Plaintiff's objections regarding his work-assignment claim and his restricted-visitation claim.

**A**. **Work-Assignment Claim**

Judge Bryant recommends dismissal of Plaintiff's work-assignment claim because inmates have no constitutional right to a certain prison job or classification. That much is true. *See Mitchell v. Kirk*, 20 F.3d 936, 938 (8th Cir. 1994) (per curiam) (stating that the plaintiff prisoner "has no constitutional right to a particular prison job"). However, there are instances where prison work requirements can violate the Eighth Amendment. It is considered cruel and unusual punishment if prison officials "knowingly . . . compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977).

Plaintiff's allegations and objections focus primarily on whether his job reassignment violated his due process rights. But liberally construing Plaintiff's complaint, he also alleges that he suffers from untreated migraines, which causes him to experience severe pain and blackouts. He alleges that he can manage his condition enough to do indoor work assignments, but his blackouts prevent him from doing physical outdoor work. He also alleges that he made multiple requests to the warden for a

3

work accommodation under ADC policy and the Americans With Disabilities Act, but received no response.[1] If Plaintiff proves his allegations that prison officials knowingly required him to do outdoor manual labor that was either beyond his physical capacity or constituted a danger to his health and/or life, that would be cruel and unusual punishment. *See Franklin v. Lockhart*, 890 F.2d 96, 97 (8th Cir. 1989) (reversing the pre-screening dismissal of a prison work assignment claim that, *inter alia*, the plaintiff could not physically perform his assigned outdoor job on the "hoe squad").

The Court respectfully departs from the report and recommendation on this issue and finds that Plaintiff has stated a plausible individual-capacity claim related to his outdoor work assignment against Defendants Ball, Payne, and Earl.

**B. Restricted Visitation Privileges**

Plaintiff alleges that after he was reassigned to the outdoor work job, Defendants Ball and Payne restricted his ability to visit with his mother through video chat or phone. Plaintiff appears to allege that these restrictions were put in place as punishment for his inability or refusal to perform the outdoor job assignment.

Judge Bryant finds that Plaintiff's visitation privileges were restricted from May 15, 2021, through June 10, 2021. Judge Bryant reasons that Plaintiff's inability to speak with his mother for that short period did not give rise to a cognizable constitutional claim against Defendants Ball and Payne. Plaintiff objects, stating that he alleged his visitation privileges were restricted from May 15, 2021, through the present.

Government actions affecting the conditions of prison confinement only implicate a prisoner's constitutional rights where the actions impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Loss

---

[1] Plaintiff does not allege that the warden received his requests for accommodations. However, viewing the allegations and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court will assume for purposes of this order that the requests were received.

4

of visitation privileges is generally within the ordinary incidents of confinement and cannot be considered an atypical and significant hardship. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989); *Ware v. Morrison*, 276 F.3d 385, 387 (8th Cir. 2002). So long as a restriction on visitation privileges is reasonable, it does not violate the constitution. *See Overton v. Bazzetta*, 539 U.S. 126, 137 (2003). However, a constitutional violation can occur if visitation privileges are revoked permanently or for an unreasonably long period. *Id.*

It appears that Plaintiff's objection is well founded. The section of Plaintiff's complaint regarding his inability to communicate with his mother lists the date of occurrence as "May 15, 2021 to June 10th, 2022 (currently)." (ECF No. 1, p. 9). Courts have upheld temporary visitation restrictions of thirty days. *See Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (holding that thirty days of limited visitors and no phone privileges did not constitute an atypical and significant hardship). However, a permanent and/or arbitrary visitation restriction lasting nearly a year might violate the Constitution. *See Manning v. Ryan*, 13 F.4th 705, 708 (8th Cir. 2021) (establishing that a permanent or arbitrary restriction of visitation privileges would violate the Constitution); *see also Overton*, 539 U.S. at 137 (stating that an unreasonably long bar on visitation privileges can violate the Constitution).

Judge Bryant is correct that, if Plaintiff's visitation privileges were restricted for nearly a month, it would likely not amount to a constitutional claim. *See Freitas*, 109 F.3d at 1337-38. However, construing Plaintiff's complaint liberally, he appears to allege that he has been completely restricted from speaking with his mother from May 2021 to the present. If Plaintiff can prove that he was arbitrarily restricted from visitation with his family for nearly a year for no reasonable pedagogical purpose, or for failing to complete an unconstitutional work assignment, it could show a constitutional violation. *See Manning*, 13 F.4th at 708.

The Court respectfully departs from the report and recommendation on this issue and finds that Plaintiff has stated a plausible individual-capacity claim related to the restriction of his visitation privileges against Defendants Ball and Payne.

## III.  CONCLUSION

Upon *de novo* review and for the above-discussed reasons, the Court finds that the Report and Recommendation (ECF No. 7) should be and hereby is **ADOPTED** to the extent that it recommends dismissal of Plaintiff's official-capacity claims against Defendants Ball, Payne, and Earl; and partial dismissal of Plaintiff's individual-capacity claim against Defendants Ball, Payne, and Earl.

Plaintiff's official-capacity claims against Defendants Ball, Payne, and Earl are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's individual-capacity claims against Defendants Ball, Payne, and Earl for ADC disciplinary charges are also **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's individual-capacity claim against Defendants Ball, Payne, and Earl for his work reassignment; his individual-capacity claim against Defendants Ball and Payne for restriction of his visitation privileges; and his official and individual-capacity claims for deliberate indifference against Defendants Henry and John Doe remain for service, which will be addressed by a separate order.[2]

**IT IS SO ORDERED**, this 19th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] The last line in Plaintiff's objections state that "Dr. D. Bassham is ORU's Medical Supervisor."  (ECF No. 8, p. 1).  It is unclear if this line is meant to identify Defendant John Doe ADC Medical Supervisor as Dr. Bassham.  If so, Plaintiff may file a motion to amend his complaint to add Dr. Bassham as a party.