IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY LLOYD HARRIS                                                                    PLAINTIFF


v.                                          Case No. 6:21-cv-06157


DEPUTY WARDEN RICHARD
T. BALL; DIRECTOR DEXTER PAYNE;
DR. GUY M. HENRY; WARDEN DE
ANGELO EARL; WELLPATH, LLC; and
JOHN DOE                                                                            DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 5, 2023, by the Honorable

Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 35.

Plaintiff Jay Lloyd Harris has objected.  ECF No. 36.  Thus, the matter is ripe for the Court's

consideration.

On December 14, 2021, Plaintiff, proceeding *pro se*, filed the present action pursuant to 42

U.S.C. § 1983.  Plaintiff brings three claims: an Eighth Amendment denial of medical care claim

against Defendant Dr. Guy M. Henry in his individual and official capacities (Claim 1), an Eighth

Amendment "Physical & Emotional Injury" claim against Defendants Richard T. Ball, Dexter Payne,

and De Angelo Earl in their official capacities (Claim 2); and a First and Eighth Amendment

"Emotional Trauma" claim against Defendants Ball and Payne in their individual and official

capacities (Claim 3).  ECF No. 1.[1]  All three claims relate to the fact that Plaintiff suffers from severe

migraines and takes issue with Defendants' treatment of those migraines.

On September 14, 2022, Defendants Ball, Payne, and Earl (the ADC Defendants) filed a motion

---

[1]Plaintiff did not identify Defendant WellPath, LLC in his complaint.  However, the Court, after reviewing Plaintiff's complaint, directed the Clerk of Court to add WellPath, LLC as a defendant for Plaintiff's official capacity medical claims.  ECF No. 10.

for summary judgment.  ECF No. 22.  The ADC Defendants argue that they are entitled to judgment as a matter of law because Plaintiff "failed to exhaust administrative remedies as to his claims against [them]," meaning that Plaintiff's claims against them "are barred by the [Prison Litigation Reform Act (PLRA)]."  ECF No. 22, at 1-2.

Plaintiff filed a response in opposition to the ADC Defendants' motion.  ECF No. 28.  Plaintiff seems to argue that due to prison restrictions, he was unable to engage in the available grievance procedure.  ECF No. 28, at 1 ("Due to the Fact Medical Staff Still Refuses to Issue a 'No Outdoor Activity' Medical Restriction for Me, No Grievance Was Actually Filed.").  However, he also seems to argue that he *did* engage in the grievance procedure, saying, "Each of the Grievances Filed in this Instance Were All Forwarded Just the Way I Got Them in the Mail.  Yet They All Had a Page Missing After the Fact."  ECF No. 28, at 1.  Along with his response, Plaintiff filed a "Statement of Disputed Facts." ECF No. 28, at 2.  There, Plaintiff argues that the issue of grievance submission is not currently at issue and that grievances were not required because "the actual issue has been deemed nongrievable by the ADC."  ECF No. 28, at 2.

On October 17, 2022, Defendants Henry and WellPath, LLC (the Medical Defendants) filed a motion for summary judgment.  ECF No. 29. The Medical Defendants argue that "[b]ased on the undisputed facts, Plaintiff cannot put forth sufficient evidence to support his claim that Defendants acted with 'deliberate indifference' to Plaintiff's alleged 'serious medical need.'"  ECF No. 29, at 2. Plaintiff has responded arguing that he can show repeated lapses in medical care by Defendant Henry which is "Sufficient to Establish Cruel and Unusual Punishment."  ECF No. 33, at 1.  Plaintiff also filed a Statement of Disputed Facts in response to the Medical Defendants' motion.  ECF No. 34.  In the Statement, Plaintiff sets forth multiple instances of what he alleges to be deliberate indifference to a medical need.  For example, Plaintiff alleges that the Medical Defendants allegedly provided "Fake Excedrin" for a "2nd Level Migraine" and ignored his verbal requests for information from nursing staff.  ECF No. 34, at 1.  Plaintiff further stated that when he was not incarcerated, he would take a

2

migraine medication not currently available in the United States which alleviated his pain more successfully than the medicine provided by the Medical Defendants. ECF No. 33, at 1 (referring to in-prison medication as "Inadequate American [over-the-counter] Medication" that is "Woefully Inadequate").

After reviewing both motions for summary judgment, as well as Plaintiff's responses in opposition to those motions, Judge Ford recommends the following. First, Judge Ford recommends granting the ADC Defendants' motion for summary judgment because "[t]here is no evidence in the summary judgment record that Plaintiff successfully completed the ADC grievance procedure to exhaustion for any of the three grievances." ECF No. 35, at 13. Second, Judge Ford recommends granting the Medical Defendants' motion for summary judgment because although Plaintiff's migraines qualified as an objectively serious medical need, Plaintiff cannot show that the Medical Defendants were deliberately indifferent to that need. ECF No. 35, at 15-16. Moreover, Judge Ford explains that "[w]hile Plaintiff disagrees with the quality of care provided, such disagreement does not rise to a constitutional violation." ECF No. 35, at 16.

Plaintiff sets forth six objections to Judge Ford's Report and Recommendation. First, Plaintiff argues that there is medication specifically designed for migraines, and he presumed that the medical staff would do "Minimal Research" to ascertain (and then administer) the most effective medication available. ECF No. 36, at 1. Second, Plaintiff argues that he was given a "Tough Luck and We Don't Care Attitude" when he sought Tylenol or Naproxen as a substitute for his backordered prescription medication. ECF No. 36, at 1. Third, Plaintiff contends that he was not allowed a phone, in-person visitation, or video visitation for "a Total of One Year Five Months and Eleven Days." ECF No. 36, at 1. In his fourth objection, Plaintiff contends that "Magistrate Bryant" is "Sidelining the ADA Aspects" of his claim in contradiction with the requirement that pro se pleadings should be liberally construed. ECF No. 36, at 2. Plaintiff's fifth objection concerns the fact that he did not exhaust the available grievance procedure; Plaintiff again argues that no grievances were required. ECF No. 36,

at 2.  Sixth and finally, Plaintiff argues both that he requested the appointment of an attorney and that Defendant Henry prescribed an anti-depressant to treat Plaintiff's carpal tunnel syndrome.  ECF No. 36, at 2.

## II. DISCUSSION

Upon careful consideration, the Court overrules Plaintiff's objections and adopts Judge Ford's Report and Recommendation.  "The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition."  *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020).  After reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  "The Court applies a liberal construction when determining whether *pro se* objections are specific."  *Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted).  If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'"  *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted).  "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous."  *Id.* at 1046.  Alternatively, if the plaintiff does not timely and specifically object to the report and recommendation, the Court reviews that

report and recommendation for clear error.  *See Raper*, 2022 WL 1978690, at \*2; *see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at \*1 (W.D. Ark. Apr. 24, 2023) (applying a clear-error standard where plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*, No. 20-cv-4, 2021 WL 916925, at \*3 (N.D. Iowa Mar. 10, 2021) (explaining that de novo review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)).

Here, although Plaintiff timely filed objections, those objections are not specific enough to trigger de novo review.  *See, e.g.*, *Thornton*, 2023 WL 3063381, at \*1.  For each of his six objections, Plaintiff does one of two things: he either reasserts arguments already made without offering any legal support, or he raises arguments for the first time, such as his argument that Defendant Henry prescribed an anti-depressant medication to treat Plaintiff's carpal tunnel syndrome.  ECF No. 36.  Plaintiff does not specifically address Judge Ford's finding that Plaintiff did not exhaust the available administrative remedies, stating only that grievances were not necessary.  Plaintiff similarly does not address Judge Ford's finding that Plaintiff cannot show deliberate indifference.  Instead, Plaintiff simply presents a few complaints about his medical care.  *See, e.g.*, ECF No. 36, at 1 ("From the very start I stated [over-the-counter] medication required unsafe quantities to have even minimal effect upon my migraines, to the amounts of well over 3000 mg, which is into liver damaging levels.  Alternative medication was unnamed by me as I'm horrible with random seemingly nonsensical names, let alone the names of people.").  Therefore, reviewing Judge Ford's Report and Recommendation (ECF No. 35) for clear error and finding none, the Court adopts it *in toto*.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ADOPTS** Judge Ford's Report and Recommendation (ECF No. 35). Accordingly, the ADC Defendants' Motion for Summary Judgment (ECF No. 22) and the Medical Defendants' Motion for Summary Judgment (ECF No. 29) are hereby **GRANTED**. Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge